UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLIE R. HARDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 2:19-cv-402 |
| BEMIS COMPANY, INC., | ) ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Charlie R. Harden ("Harden"), by counsel, for his cause of action against Defendant, Bemis Company, Inc. (hereinafter "Defendant"), alleges and states as follows:

**I. Nature of the Case.**

1.  Harden brings this Complaint and Demand for Jury Trial against Defendant for violations of the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. §§ 12101, *et seq*.

**II. Parties**

2.  Harden, at all times relevant to this action, resided in the Southern District of Indiana.

3.  Defendant is a foreign for-profit corporation that maintains offices in and conducts business in the Southern District of Indiana.

### III.     Jurisdiction.

4. This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and 42 U.S.C. § 12117(a).

5. Defendant is an employer as that term is defined by 42 U.S.C. § 12111(5).

6. Harden was an employee as that term is defined by 42 U.S.C. § 12111(4).

7. Harden has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C).

8. At all times relevant to this action, Harden was a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

9. Harden satisfied his obligation to exhaust his administrative remedies by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Having received his Dismissal and Notice of Suit Rights, Harden files this Complaint within 90 days of receipt thereof.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Southern District of Indiana.

### IV.  Factual Allegations.

11. Defendant hired Harden in or around May 2000.

12. Throughout his employment, Harden continuously met the legitimate and reasonable expectations associated with his position.

13. On or about July 4, 2017, Harden suffered a serious injury that ultimately led to the diagnosis of his disability. Following his injury, Harden was off work until approximately July 23, 2017. Harden returned to the same position that he had work for approximately the previous 10 years.

14. Due to the severity of his injury/disability, Harden was required to undergo surgery on or about October 23, 2017. Following his surgery, Harden returned to work on or about January 1, 2018.

15. Believing that he would be returned to the position that he had held for over a decade, Harden's physician released him for work without restrictions.

16. On our around January 23, 2018, Steve Jones, Harden's Crew Leader, told Harden that Jones would see to it that Harden was "hurt enough to quit or be fired." Harden reported Jones' comment to Superintendent Rick Ganley, who took no action and dismissed it out of hand.

17. Following Harden's return to work, Jones ordered other employees who worked with Harden to change the manner in which pallets were placed on the auto-wrapper, which caused Harden's position to be more physically demanding, less efficient and exacerbated Harden's disability. Harden believes Jones' actions in this regard an attempt to make good on his threat to see that Harden was "hurt enough to quit or be fired."

18. Throughout the end of January and February, Harden complained of the changes to his position to Superintendent Ganley, requesting that the procedures in place prior to his surgery be restored. While Ganley said he would "check into it," no action was taken and Harden's request for a reasonable accommodation was ignored.

19. Rather than provide Harden with a reasonable accommodation, or otherwise engage in the interactive process, on March 27, 2018, Defendant permanently removed Harden from the position that he had held for approximately 10 years and placed him in an a position that further exacerbated the symptoms of his disability.

20. After several follow-ups with his physician addressing his worsening symptoms, Harden's physician issued work restrictions for Harden on July 3, 2018. Rather than accommodate Harden or otherwise engage in the interactive process, Defendant placed Harden off of work on July 6, 2018.

21. Since that time, Defendant has failed/refused do respond to Harden's repeated attempts to discuss reasonable accommodations and his employment status.

22. At all times relevant, Defendant had open positions that would not have violated Harden's work restrictions.

23. Because of Defendant's failure to accommodate and refusal to engage in the interactive process, Harden was forced to resign effective June 22, 2019 so that he could begin receiving income from his vested pension benefits.

24. However, because of Defendant's violations of the ADA in refusing to allow Harden to work from July 6, 2018 to June 22, 2019, Harden is unable to begin collecting his vested pension benefits until November 1, 2021. If Harden were allowed to work during this time (7/6/18 – 6/22/19), he could have immediately began receiving pension benefits, but at a reduced rate.

## V. Causes of Action.

### Count I – ADAAA Discrimination.

25. Harden incorporates paragraphs 1 through 24 of this Complaint as if stated fully herein.

26. Defendant suspended Harden and ultimately forced his retirement because of his disability, and otherwise subjected Harden to less favorable terms, conditions, and privileges of employment because of his disability.

27. Defendant's actions violate the ADAAA, 42 U.S.C. §12101, *et. seq*.

28. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Harden's federally protected civil rights.

29. Harden has and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II – ADAAA Retaliation.

30. Harden incorporates all of the allegations set forth in paragraphs 1 through 29 of this Complaint as if stated fully herein.

31. Harden engaged in protected activity under the ADAAA by requesting reasonable accommodations for his disability.

32. Defendant suspended Harden and forced his retirement (i.e. constructively discharged) Harden in retaliation for exercising his rights under the ADAAA.

33. Defendant's actions were intentional, willful, done in bad faith, and in reckless disregard of Harden's federally protected rights under the ADAAA.

34. Harden has and continues to suffer harm as a result of Defendant's unlawful actions.

### Count III – ADAAA Failure to Accommodate.

35. Harden incorporates all of the allegations set forth in paragraphs 1 through 34 of this Complaint as if stated fully herein.

36. Defendant discriminated against Harden by refusing and/or failing to provide Harden with a reasonable accommodation.

37. Defendant's actions violate the ADAAA, 42 U.S.C. §12101, *et. seq*.

38. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Harden's federally protected civil rights.

39. Harden has and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. Requested Relief.

WHEREFORE, Plaintiff, Harden, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement with proper reasonable accommodations. Alternatively, Harden seeks front pay in lieu thereof.

2. All wages, benefits, compensation, and other monetary relief to make him whole;

3. Compensatory and punitive damages;

4. All costs and attorneys' fees incurred as a result of bringing this action;

5. Pre- and post-judgment interest on all sums recoverable;

6. All other legal and/or equitable relief this Court sees fit to grant.

    Respectfully submitted,

    s/ *Craig M. Williams*
    Craig M. Williams
    FOX WILLIAMS & SINK, LLC
    6177 North College Ave.
    Indianapolis, Indiana 46220
    cwilliams@fwslegal.com

    Phone: 317-254-8500

## DEMAND FOR JURY TRIAL

The Plaintiff, Charlie R. Harden, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

s/ *Craig M. Williams*
Craig M. Williams
